**SHOOK, HARDY & BACON L.L.P.**
Ryan S. Killian
CA Bar No. 294512
600 Travis Street, Suite 3400
Houston, TX 77002-2026
Telephone: (713) 227-8008
Facsimile:  (713) 227-9508
Email:      rkillian@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| ANOUSHEH SABOURI, an individual and successor in interest to decedent Mike Esfahanian, and S.E., a minor and successor in interest to decedent Mike Esfahanian, by and through her Guardian Ad Litem, SHIRIN SABOURI,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, a corporation; WILBUR-ELLIS COMPANY LLC, a California limited liability corporation; and DOES 1 through 100, Inclusive,<br><br>Defendants | Case No.: 2:22-cv-01986<br><br>**DEFENDANT MONSANTO COMPANY'S NOTICE OF REMOVAL**<br><br>[Removal from Superior Court of California, County of Los Angeles, Case No. 21STCV34775] |

By filing this Notice of Removal and related papers, Monsanto Company ("Monsanto") hereby removes this case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).[1]  In accordance with Section 1446(a), Monsanto provides the following statement of grounds for removal.

---

[1] The caption set forth above is correct. As discussed below, although Chevron Corporation was initially named as a defendant in the state court lawsuit, Plaintiffs voluntarily dismissed that defendant.  Thus, it is not included in the caption here.

## INTRODUCTION

1. In this products liability lawsuit, Plaintiffs seeks damages for decedent Mike Esfahanian's cancer (multiple myeloma) and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides, which have glyphosate as their active ingredient. For decades, farmers have used glyphosate-based herbicides to increase crop yields, and home-owners, landscaping companies, and local government agencies have used these herbicides for highly effective weed control. Glyphosate is one of the most thoroughly studied herbicides in the world, and glyphosate-based herbicides have received regulatory approval in more than 160 countries. Since 1974, when Monsanto first introduced a Roundup®-branded, glyphosate-based herbicide to the marketplace, the United States Environmental Protection Agency repeatedly has approved the sale of such herbicides without cancer warnings and repeatedly has concluded that glyphosate does not cause cancer – including as recently as 2020. Nevertheless, Plaintiffs allege that decedent developed cancer and died due to his exposure to Monsanto's glyphosate-based herbicides.

2. Multidistrict litigation proceedings involving numerous other Roundup® lawsuits are pending in the United States District Court for the Northern District of California (the "MDL Court"). *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC.

3. Plaintiffs are California citizens and therefore of diverse citizenship from Monsanto. Plaintiffs tried to avoid complete diversity and defeat Monsanto's right to remove this lawsuit to federal court by asserting claims against two in-forum California companies – Wilbur-Ellis Company LLC ("Wilbur-Ellis Company") and Chevron Corporation – that the Complaint alleges, upon mere information and belief, distributed or sold the Roundup®-branded herbicides that caused decedent's cancer and death.

4.  However, this removal-prevention strategy fails because Plaintiffs voluntarily dismissed Chevron Corporation and they do not have any viable claims against Wilbur-Ellis Company, so that defendant is fraudulently joined. Wilbur-Ellis Company is fraudulently joined because decedent allegedly used Roundup®-branded herbicides for residential use, but Wilbur-Ellis Company: (a) has not distributed, sold, or marketed Monsanto's Roundup®-branded herbicides that have been designed for the residential-lawn-and-garden market; and (b) has not designed or manufactured Monsanto's Roundup®-branded herbicides.  Moreover, the MDL Court repeatedly has held, in response to the same arguments asserted by Monsanto in other Roundup® lawsuits, that Wilbur-Ellis Company was fraudulently joined, *see infra* Paragraph 22, and that conclusion applies to this case as well.

5.  As discussed in more detail below, this Court should hold that it has subject matter jurisdiction and that removal is proper here based on complete diversity of citizenship because Plaintiffs fraudulently joined Wilbur-Ellis Company, which means that the presence of that California defendant – the only California defendant left in this case – must be disregarded when the Court evaluates the issue of diversity jurisdiction and the propriety of removal notwithstanding the presence of that in-forum defendant.

**BACKGROUND AND PROCEDURAL HISTORY**

6.  In September 2021, Plaintiffs commenced this lawsuit in the Superior Court of the State of California for the County of Los Angeles by filing a Complaint, captioned *Anousheh Sabouri, an individual and successor in interest to decedent Mike Esfahanian, et al. v. Monsanto Company, et al.*, case number 21STCV34775, (the "State Court Action").

7.  Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint served upon Monsanto in the State Court Action (and other filings available from the state court's files) are attached as **Exhibits 1-16**.

8. Plaintiffs assert various product liability claims and seek compensatory and punitive damages for decedent's cancer and death allegedly caused by exposure to Monsanto's Roundup®-branded herbicides. *See, e.g.*, **Exhibit 1,** State Court Complaint ¶¶ 1-2, 11-14, 134-36, 146-51.

9. Plaintiffs make speculative, information-and-belief allegations regarding Wilbur-Ellis Company. They allege that, "[o]n information and belief, Wilbur-Ellis was one of the distributors providing Roundup® and other glyphosate-containing products used by the Plaintiff [*sic*; should be "used by the decedent"]." State Court Complaint ¶ 111; *see id.* ¶ 24 ("Upon information and belief, WILBUR-ELLIS COMPANY, LLC was responsible for marketing Roundup® and related Monsanto products during the time period in question."); *see also id.* ¶ 25 (making information-and-belief allegations regarding Chevron Corporation)

10. Monsanto and Wilbur-Ellis Company have denied Plaintiffs' allegations. A true and correct copy of those defendants' Answers are attached as **Exhibit 12** and **Exhibit 14**.

11. On March 15, 2022, Plaintiffs voluntarily dismissed all claims asserted against Chevron Corporation in the State Court Action. Request for Dismissal (true and correct copy attached as **Exhibit 16**). The Clerk of the Court entered the dismissal of Chevron Corporation on March 21, 2022. *Id*.

12. Before filing the State Court Action, Plaintiffs filed a diversity-jurisdiction-based lawsuit in this Court against Monsanto and asserted the same claims that Plaintiffs are asserting against Monsanto in the State Court Action. *See* Federal Court Complaint (true and correct copy attached as **Exhibit 17**). Plaintiffs subsequently filed an amended complaint in that federal court lawsuit that purported to add claims against Wilbur-Ellis Company and Chevron Corporation. *See* Federal Court First Amended Complaint (true and correct copy attached as **Exhibit 18**). Plaintiffs voluntarily dismissed that lawsuit, asserting that the claims asserted against

Wilbur-Ellis Company and Chevron Corporation deprived this Court of diversity jurisdiction and that "Plaintiffs will file their complaint in Los Angeles County Superior Court."  Notice of Dismissal (true and correct copy attached as **Exhibit 19**).

# BASIS FOR REMOVAL – DIVERSITY JURISDICTION

## I.   SUBSTANTIVE REQUIREMENTS FOR REMOVAL ARE SATISFIED

13.   Although complete diversity of citizenship usually is required for a federal court to have diversity jurisdiction, "one exception to the requirement of complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  A defendant removing a lawsuit from state court based on fraudulent joinder of a co-defendant is required to show that there is no possibility that the state court would hold the co-defendant liable.  *Grancare, LLC v. Thrower*, 889 F.3d 543, 548 (9th Cir. 2018).  When fraudulent joinder applies – *i.e.*, when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state," *Morris*, 236 F.3d at 1067 (quotation marks omitted) – the fraudulently joined defendant's "presence in the lawsuit is ignored" for purposes of determining whether the court has jurisdiction based on diversity of citizenship, *id.*  Moreover, "[f]raudulent joinder claims may be resolved by 'piercing the pleadings' and considering summary judgment-type evidence such as affidavits and deposition testimony."  *Id.* at 1068 (quoting *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)); *see McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987) ("The defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent.").  Fraudulent joinder also renders the so-called "forum defendant rule" inapplicable because that statutory provision applies only to "properly joined" defendants.  28 U.S.C. § 1441(b)(2).

14.   In this case, Plaintiffs sued Wilbur-Ellis Company in the hope that adding claims against that California company would prevent removal due to lack of

diversity jurisdiction and/or due to the forum defendant rule.  However, as discussed below, Wilbur-Ellis Company has been fraudulently joined.

15. Plaintiffs are, and were at the time the State Court Action was filed, California residents and citizens.  *See* State Court Complaint ¶ 8; Federal Court Complaint ¶¶ 8, 40 (alleging that federal district court had subject matter jurisdiction based on diversity of citizenship); Westlaw PeopleMap Report for Anousheh Sabouri (excerpts attached as **Exhibit 20**).  Before and when decedent died, he was a California resident and citizen.  *See* State Court Complaint ¶¶ 8-9; Federal Court Complaint ¶ 40 (alleging that federal district court had subject matter jurisdiction based on diversity of citizenship); Westlaw PeopleMap Report for Mojtaba Esfahanian (excerpts attached as **Exhibit 21**); Westlaw Obituary (attached as **Exhibit 22**).[2]

16. Monsanto is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of Missouri.  Thus, Monsanto is deemed to be a citizen of Missouri and Delaware, for purposes of federal diversity jurisdiction.

17. Wilbur-Ellis Company is, and was at the time the State Court Action was filed, a limited liability company whose sole member is (and was at the time the State Court Action was filed) Wilbur-Ellis Holdings II, Inc.  Declaration of George Pappas ¶ 4 (attached as **Exhibit 23**).  Wilbur-Ellis Holdings II, Inc. is, and was at the time the State Court Action was filed, a corporation incorporated under the laws of the State of Delaware with its principal place of business in the State of California.  *Id.* ¶ 5.  Thus, Wilbur-Ellis Holdings II, Inc. is deemed to be a citizen of Delaware and California for purposes of federal diversity jurisdiction.  Wilbur-Ellis Company is

---

[2] These exhibits show that decedent used more than one name, including Mojtaba Esfahanian and Mike Esfahanian.  The date of the death on the obituary matches the date of death alleged in the State Court Complaint (February 2019), and the PeopleMap Report for Mr. Esfahanian shows that his spouse was Anousheh Sabouri, **Exhibit 21** at 22, 82.

deemed to be a citizen of the same states as its member Wilbur-Ellis Holdings II, Inc. – Delaware and California – for purposes of federal diversity jurisdiction.

18. Wilbur-Ellis Company has been in the business of, among other things, distributing and selling certain pesticides and herbicides, including certain Monsanto glyphosate-based Roundup®-branded herbicides. *See* Declaration of Scott Hushbeck ¶ 4 ("Hushbeck Declaration") (attached as **Exhibit 24**). Glyphosate-based herbicide products (including Monsanto's glyphosate-based Roundup®-branded herbicides) have been designed for and sold to three different markets: (a) the agricultural market; (b) the residential-lawn-and-garden market; and (c) what Wilbur-Ellis Company calls the professional market, which involves herbicide products that are designed for and sold to, for example, landscaping companies, golf courses, schools, or state and local government agencies (to maintain roads, parks, and/or rights-of-way). *Id*.

19. Wilbur-Ellis Company has been in the business of distributing and selling only certain categories of Roundup®-branded herbicide products – namely, distributing and selling herbicides for the agricultural market and for the professional market. *See* Hushbeck Declaration ¶ 5. Wilbur-Ellis Company has not been in the business of distributing, marketing, or selling Monsanto's glyphosate-based Roundup®-branded herbicides that have been designed for the residential-lawn-and-garden market. *Id*. For example, Wilbur-Ellis Company has not played any role in the chain of distribution leading to Monsanto's glyphosate-based Roundup®-branded lawn-and-garden herbicides being sold at Home Depot, Lowe's, Target, Walmart, Costco, Ace Hardware, or other national retail stores. *Id*.

20. Moreover, Wilbur-Ellis Company has not been the sole or exclusive distributor of Monsanto's glyphosate-based Roundup®-branded herbicides in the State of California. *See* Hushbeck Declaration ¶ 6.

21. Wilbur-Ellis Company has not designed or manufactured Monsanto's glyphosate-based Roundup®-branded herbicides. *See* Hushbeck Declaration ¶ 7.

1   22. Decedent allegedly used Roundup®-branded herbicides for residential use. *See* State Court Complaint ¶ 2. Thus, as the MDL Court has held in other Roundup® lawsuits involving Wilbur-Ellis Company when ruling on the same fraudulent joinder argument presented here, Plaintiffs do not have any viable claims against Wilbur-Ellis Company. *See* Amended Pretrial Order No. 244, *In re Roundup Prods. Liab. Litig. (Roybal)*, No. 16-md-02741-VC, 2021 WL 4186714 (N.D. Cal. Sept. 15, 2021); Pretrial Order No. 248, *In re Roundup Prods. Liab. Litig. (Carson)*, No. 16-md-02741-VC, 2021 WL 4314138 (N.D. Cal. Sept. 23, 2021); Pretrial Order No. 247, *In re Roundup Prods. Liab. Litig. (Pike)*, No. 16-md-02741-VC, 2021 WL 4315486 (N.D. Cal. Sept. 22, 2021); *see also, e.g.*, *Martinez v. McKesson Corp.*, No. 3:15-cv-02903-H-JLB, 2016 WL 5930271 (S.D. Cal. Apr. 7, 2016) (holding that California defendant was fraudulently joined because it did not manufacture Mirena and did not distribute *plaintiff's* Mirena); *Tucker v. McKesson Corp.*, No. C 10–2981 SBA, 2011 WL 4345166 (N.D. Cal. Sept. 14, 2011) (holding that California defendant was fraudulently joined because it did not distribute morphine tablets to pharmacy where decedent obtained morphine tablets at issue in lawsuit); *Vu v. Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1154-55 (N.D. Cal. 2009) (holding that California defendant was fraudulently joined because she did not market or distribute Children's Tylenol Plus Multi-Symptom Cold medicine); *Aronis v. Merck & Co.*, No. Civ. S-05-0486 WBS DAD, 2005 WL 5518485 (E.D. Cal. May 3, 2005) (holding that California defendant was fraudulently joined because plaintiff alleged merely that defendant was a major distributor of Vioxx without connecting defendant to plaintiff's injuries).

23. For the foregoing reasons, the Court should hold that Plaintiffs fraudulently joined Wilbur-Ellis Company and should disregard the citizenship of that defendant when assessing whether this lawsuit has been properly removed.

24. The only other California defendant named in the Complaint (Chevron Corporation) has been voluntarily dismissed, *see supra* Paragraph 11, so there is complete diversity of citizenship between Plaintiffs and Monsanto (disregarding the citizenship of the fraudulently joined California defendant (Wilbur-Ellis Company)).[3]

25. The Complaint seeks compensatory and punitive damages based on allegations that Monsanto's Roundup®-branded herbicides caused decedent's cancer and death. Therefore, it is plausible from the face of the Complaint that Plaintiffs seek damages in excess of $75,000, exclusive of interest and costs, which satisfies the jurisdictional amount-in-controversy requirement. 28 U.S.C. § 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."); *see also Ross v. First Family Fin. Servs., Inc.*, No. 2:01CV218-P-B, 2002 WL 31059582, at *8 (N.D. Miss. Aug. 29, 2002) ("[U]nspecified claims for punitive damage sufficiently serve to bring the amount in controversy over the requisite jurisdictional threshold set out in 28 U.S.C. § 1332."). In fact, numerous other lawsuits seeking damages for NHL allegedly caused by Roundup®-branded herbicides have been filed against Monsanto in other federal courts asserting jurisdiction under Section 1332(a) and alleging damages in excess of $75,000, exclusive of interest and costs. Moreover, Plaintiffs asserted that the jurisdictional amount-in-controversy was satisfied when they filed the same claims at issue here in this Court. Federal Court Complaint ¶ 41.

26. In sum, this Court has original subject matter jurisdiction over this lawsuit based on Section 1332(a) because there is complete diversity of citizenship between Plaintiffs and Monsanto, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

---

[3] The citizenship of "Doe" defendants must be disregarded when determining whether this lawsuit is removable based on Section 1332(a). *See* 28 U.S.C. § 1441(b)(1).

## II. PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

27. The Superior Court of the State of California for Los Angeles County is located within the Central District of California. Therefore, removal to this Court satisfies the venue requirement of 28 U.S.C. § 1446(a).

28. This Notice of Removal is timely. When the State Court Action was commenced, the "case stated by the initial pleading [was] not removable," 28 U.S.C § 1446(b)(3), because the Complaint included claims against California defendants. Thus, based on the face of the Complaint, this lawsuit was not removable due to lack of diversity of citizenship and due to the forum defendant rule, 28 U.S.C. § 1441(b)(2). The dismissal of Chevron Corporation from the State Court Action, which was requested by Plaintiffs in their March 15, 2022 filing and entered by the Clerk's Office on March 21, 2022, Exhibit 16, was the "other paper from which it may first be ascertained that [this] case is one which is or has become removable." § 1446(b)(3). Regardless of which March 2022 date is deemed to be the triggering date for purposes of Section 1446(b)(3), this Notice of Removal is timely because Monsanto is filing it within 30 days of the earlier date, March 15, 2022.

29. The written notice required by 28 U.S.C. § 1446(d) will be promptly filed in the Superior Court of the State of California for Los Angeles County and will be promptly served on Plaintiffs.

30. Monsanto does not waive any defenses and expressly reserves its right to raise any and all defenses in subsequent proceedings.

31. If any question arises as to the propriety of this removal, Monsanto requests the opportunity to present written and oral argument in support of removal.

## CONCLUSION

For the foregoing reasons, Monsanto removes this lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 (and any other applicable laws).

DATED: March 25, 2022

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

BY: */s/ Ryan S. Killian*
Ryan S. Killian
CA Bar No. 294512
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
Email: rkillian@shb.com

*Attorneys for Defendant*
*MONSANTO COMPANY*

## CERTIFICATE OF SERVICE

I certify that on the 25th day of March 2022, I electronically transmitted the foregoing *Monsanto Company's Notice of Removal* to the Clerk of the Court for the United States District Court Central District of California, by using the CM/ECF system for filing. Transmittal of a true and correct copy of the foregoing document was served electronically or by another manner as authorized by Fed. R. Civ. P. 5.

*/s/ Ryan S. Killian*
Ryan S. Killian